RITCHEY (WILLIAMS v.). See Case No. 17,-734.

---

## Case No. 11,863.

RITCHIE et al. v. BANK OF THE UNITED STATES.

[5 Cranch, C. C. 605.] 1

Circuit Court, District of Columbia. Nov. Term, 1839.

DESCENT—RENTS AND PROFITS—EQUITY—ACCOUNT —DISCOVERY.

When lands of a deceased debtor are sold for payment of his debts under a decree founded upon the Maryland act of 1785 (chapter 72, § 5), the heirs at law are entitled to the rents and profits, until the day of sale; and if the decree, and the proceedings under it, including the sale, be set aside upon a bill of review, and a decree of restitution be obtained, while the heirs are infants, they may jointly maintain a bill in equity against the purchaser, or other party who has received the rents and profits; and are not obliged to sue for them separately at law. They have a right to an account and a discovery.

[See Bank of U. S. v. Peter. Case No. 933.]

1 [Reported by Hon. William Cranch, Chief Judge.]

Bill in equity, and general demurrer.

The case was argued by Mr. Marbury, for plaintiffs, and R. S. Coxe, for defendants, at this and the following term.

Mr. Marbury, for plaintiffs, cited Story, Eq. Jur. 436, 447, 477, 487.

Mr. Coxe, for defendant. cited Ram. Assets, 377; Law Lib. No. 23, p. 249; Davies v. Topp, 2 Brown, Ch. 260, note; Story, Eq. Jur. 89; Pulteney v. Warren, 6 Ves. 88.

CRANCH, Chief Judge. The bill states, in substance, that the complainants [John T. Ritchie and others] are heirs at law of Abner Ritchie, deceased, intestate, who died seized of real estate in this county, which descended to the complainants, and was sold under a decree of this court, (while they were minors,) in a suit by the Bank of the United States and others, creditors of the said Abner Ritchie; bought in by John T. Ritchie, one of the co-heirs, and transferred by him to Richard Smith and David English, in trust for the Bank of the United States, and the Union Bank of Georgetown. That upon a bill of review, that decree, and all the proceedings under it, were set aside by a decree of this court, affirmed by the supreme court of the United States, and restitution rewarded. [Bank of U. S. v. Ritchie, 8 Pet. (33 U. S.) 128.] That after the affirmance by the supreme court, the property was restored, but the rents, issues, and profits accruing while the Bank of the United States was in possession under the first decree, were received by the bank, and never accounted for; and that the complainants have not the means of ascertaining, at law, the amount received by the bank, and they pray a discovery and account, and a decree for the amount which may be found due.

To this bill there is a demurrer, both as to discovery and relief: (1) Because the plaintiffs have, or had. their remedy at law by action of ejectment and trespass for the mesne profits. (2) Because they might have had their remedy upon the bill of review. (3) Because this court has no jurisdiction of the cause, because there is no equity in the bill. The defendants are not bound to account, because there was no privity between them and the plaintiffs. (4) Because there is no ground for a bill of discovery, as the plaintiffs might have ascertained, from the tenants, the amount of rents paid by them to the defendant. (5) Because the plaintiffs have no right to bring a joint suit. At law, they must have brought their ejectments severally, and their several actions for the mesne profits.

Although these plaintiffs might, perhaps, have maintained their several actions of ejectment, yet they were not obliged to bring them, as they had a decree of this court commanding the defendant to restore the lands. and might have enforced its execution by attachment. But the banks submitted,

so far as the possession was decreed to be restored, after which the plaintiffs had no cause of action of ejectment. The bill of review did not authorize the plaintiffs to call on the defendants to account for the rents and profits; and, if it did, the plaintiffs were then infants, and not bound to enforce the right in that suit, and their not having done so is no bar to the present suit.

It is said that the plaintiffs have no equity; that their right, if any, is at law. But their claim arises out of a decree of this court, by which they are entitled to have everything restored to them, which they lost by the erroneous decree. The foundation of their claim is a decree in equity, in which they were joined as parties by these defendants, and by which they acquired a joint right of restitution. In a bill to carry that decree into execution, they were bound to sue jointly. Equity would not have permitted them to bring separate bills for their respective parts. It would have been deemed oppressive. The defendants, having received the property of the plaintiffs while they were minors, are bound to account as if they were guardians. The law, as well as equity, in such a case, raises a privity, if privity be necessary to accountability.

The plaintiffs aver that they are unable, at law, to prove the facts of which they pray a discovery, and, for the purpose of this demurrer, that averment must be taken to be true; there is, therefore, ground to require the discovery which is sought. We think, therefore, the demurrer must be overruled.